PHILIP REYBOLD, jr., was indicted for a nuisance, in obstructing one of the public streets of Delaware City, by erecting certain coal binns thereon. *Page 485 
The defendant claimed the place where the binns were erected as his own private property, under a deed from Manuel Eyre, in 1829, for a water lot beginning at the north east corner of what would be Clinton and Harbour streets, if extended, and running into the river. The defendant had, at great expense, made a wharf in the river at Clinton street, and within the water lot so conveyed by Eyre.
The State (represented by Messrs. Whiteley and Rogers,) contended that this place in front of Clinton street was public property, Clinton street having been dedicated as they alledged to public use by John Newbold, the former owner of the land, or by Manuel Eyre, his grantee; and any extension of that street being also public property.
It was proved that John Newbold, being the owner of the site of Delaware City, laid out a town; and put a map or plan of it on record, designating certain streets, alleys, c., among which was Clinton street running eastwardly towards the river as far as Front street, between which and the river there was, at the date of the plan, several hundred feet of low marsh. He sold off lots according to this plan; and afterwards, in 1828, by deed, granted to Manuel Eyre all the land, c., "excepting and reserving all the streets and docks laid out and to be laid out for the common use of the public," c., "according to the aforesaid plan" of the town, recorded by John Newbold.
The marsh between Clinton and Front streets as laid down on this plain was subsequently covered by excavations from the canal, so as to make it passable; and Mr. Eyre built the tavern house, now Dunlap's corner of Clinton street extended and Harbour street, which is a street made by him by piling the river east of the tavern. The lot claimed by defendant lies in the river still east of this, and beginning at the corner of Harbour street and Clinton street still further extended.
Manuel Eyre also sold two lots on Clinton street, east of Front street, exhibiting at the time a private plot or plan of Delaware City, upon which Clinton street was laid down as extending to the river bank, and the deeds described the lots as lying on Clinton street, so many feet "from the harbour." This was relied on as evidence of a dedicationin fact by Manuel Eyre of Clinton street, as far down as the river; and it was claimed on the part of the State that if Clinton street was a public highway down to the river by dedication or otherwise, no grant of the water lot at its east end *Page 486 
could cut off the public from the river; that any accession or accumulation on the river by the action of the tides or by the act of any individual became a part of Clinton street and belonged to the public.
The defendant's counsel (Messrs. Gray, Rodney and Clayton,) contended that the plot or plan of John Newbold laid out Clinton street only downto front street; that Newbold's grant to Eyre carried all the marsh between Front street and the river, reserving only the street docks,c., shown upon the plan; that the subsequent acts of Manuel Eyre, building a tavern on Clinton street extended, and selling two lots on that street, did not amount to a dedication in fact of Clinton street tothe river, much less of land in the river; that there could be no dedication without intention, and the deed of Manuel Eyre conveying the water lot about the same time as private property, contradicted any inference of dedication to be drawn from his other acts; and finally that there was no evidence of a dedication in fact, or in law, by John Newbold or Manuel Eyre, of the site of defendant's wharf to public use.
The Court charged the jury. — 1. That a riparian proprietor, or owner of land fronting on a navigable river holds to low water mark, and is entitled to any accession to the shore made by sediments of the water, or other gradual accumulations.
2. That the use by the public of such river front as a landing (the same being private property) for even twenty years, is not evidence of a dedication of the landing to public use, unless the same be connected with a public road or street extending to the river.
3. That the public acquires a right to the use of a road or street over private property by twenty years' use, which is evidence of a grant or dedication; or by any use accompanied by proof of actual deduction infact.
4. That no particular form or ceremony is necessary in the dedication of land to public use, if the assent of the owner of the land be shown, and the fact of use for the purposes intended by the dedication.
5. That if the owner of land lay out a town and put a plot or plan of the streets on record, or exhibit such plot and sell lots, it is evidence of actual dedication of such streets to public use, according to the plan.
6. That if it appeared in this case from such plan or other evidence, that Clinton street, as thus dedicated to the public, extended *Page 487 
to the river, the public had a right as a part of such street, to any increase, or extension of the river front by alluvial formations, or even by the act of the defendant; and in that case he would be guilty of the obstruction complained of.
7. But if no dedication in fact of Clinton street was shown, extending to the river, and no use by the public of the place where the obstruction was erected for twenty years (which would be evidence of a dedication) the river front was private property, and belonged to the defendant under the title from John Newbold and Manuel. Eyre.
 The defendant was acquitted.